**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARY ERWIN-SIMPSON AND KEVIN SIMPSON,** | ) | **Civil Action No.** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **AIR ASIA BERHARD** | ) | |
| RedQ, Jalan Pekeliling 5 | ) | |
| Lapangan Terbang Antarabangsa Kuala | ) | **Jury Trial Demanded** |
| Lumpur (KLIA2) | ) | |
| 64000 KLIA, | ) | |
| Selangor Darul Ehsan, Malaysia | ) | |
| | ) | |
| **AIR ASIA X BERHARD** | ) | |
| 64000 Sepang Mezzanine Floor | ) | |
| JALAN KLIA S3 | ) | |
| Southern Support Zone KLIA | ) | |
| Selangor Darul Ehsan, Malaysia | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Mary Erwin-Simpson and Kevin Simpson, by and through counsel, aver and

alleges as follows:

**JURISDICTION**

1. The jurisdiction of this Court over this civil action exists pursuant to 28 U.S.C. § 1331

(a), in that this action arises under the laws and treaties of the United States through Article

17 of the Convention for the Unification of Certain Rules Relating to International Carriage

by Air, concluded at Montreal, Canada, on May 28,1999 ("Montreal Convention").

**VENUE**

2.  Venue is proper in this Court pursuant to Article 33 of the Montreal Convention in that

Washington, D.C. is and was the principal and permanent residence of Mary Erwin-Simpson,

the airline passenger in this action.

## PARTIES

3.  Plaintiff Mary Erwin-Simpson is a citizen of the District of Colombia.

4.  Plaintiff Kevin Simpson is a citizen of the District of Colombia.

5.  Defendant Air Asia X Berhard is a Malaysian corporation that has availed itself of the

privileges and benefits of conducting business in the United States by virtue of the fact that it

applied for an received authorization to operate flights to and from the United States pursuant

to 14 CFR 129.  Specifically on or about December 2, 2016 the Federal Aviation

Administration issued Certificate Number 5XAF463F to Air Asia to operate flights between

Kuala Lumpur, Malaysia and Honolulu, Hawaii.

6.  Defendant Air Asia  Berhard  is a Malaysian corporation that has availed itself of the

privileges and benefits of conducting business in the United States through its internet

booking sites as well as its wholly owned subsidiary Air Asia X Berhard.  Collectively

Defendants Air Asia X Behard and Air Asia Behard will be referred to as "Air Asia."

## GENERAL ALLEGATIONS

7.  At all times relevant, Defendant Air Asia operated as a commercial air carrier engaged in

the business of transporting fare-paying passengers on regularly scheduled domestic and

international flights in an aircraft owned, leased, operated, managed, maintained, and/or

controlled by Defendant and its agents and/or employees.

8.  On March 20, 2016, Defendant Air Asia was the owner and/or operator of an aircraft that operated an Air Asia flight traveling from Kuala Lumpur, Malaysia to Phnom Penh, Cambodia.

9.  On March 20, 2016, Mary Erwin-Simpson was a fare-paying passenger aboard the international Air Asia flight traveling from Malaysia to Cambodia.

10. While in flight, a flight attendant spilled boiling hot water on Mrs. Erwin-Simpson, causing burns and swelling to her body. She attempted to address her injuries in the bathroom and fainted and fell unconscious.

11. Throughout her period of unconsciousness, Mrs. Erwin-Simpson was repeatedly moved about the plane and dropped, causing further injuries to her body.

12. Once the plane landed, Mrs. Erwin-Simpson was taken to the Emergency Department at Royal Phnom Penn Hospital where she remained until March 29, 2016.

13. As a direct and proximate result of the actions of Air Asia and/or its employees and or agents, Ms. Erwin-Simpson sustained physical injury, was subject to humiliation and embarrassment, suffered an exacerbation of emotional injuries, and pain and suffering.

14. As a direct and proximate result of the actions of Air Asia and/or its employees and or agents and the injuries caused to Mrs. Erwin-Simpson, Mrs. Erwin-Simpson was unable to continue her traveling and was forced to cancel booking and incurred economic losses.


## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

15. Plaintiff Mary-Erwin Simpson incorporates by reference all prior allegations above as if fully set forth herein.

16. At the time of Ms. Erwin-Simpson's injury, Defendant Air Asia was a carrier providing international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

17. At the time of her injury, Mary Erwin-Simpson was engaged in the process of embarking an international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

18. Accordingly, the Montreal Convention applies to this cause of action.

19. Pursuant to Article 17 of the Montreal Convention, Defendant Air Asia, as the carrier, is liable for damages sustained in case of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

20. Mary Erwin-Simpson was in-flight when she sustained her injuries.

21. Pursuant to Article 21(2) of the Montreal Convention, Defendant is absolutely liable to Mrs. Erwin-Simpson for all personal injury damages up to 100,000 Special Drawing Rights (SDRs) and liable for amounts exceeding 100,000 SDRs if Defendant cannot prove that it took all necessary measures to prevent or avoid the injuries or damages, or that the injuries or damages were solely due to the negligence or other wrongful act or omission of a third party.

22. At all times relevant, Defendant operated as a common carrier and was under a duty to operate and control the subject aircraft, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

23. Defendant breached its duty to use reasonable care and negligently and carelessly discharged its duties as a common carrier, among these and other ways, as follows:

      a.     Failing to exercise reasonable care in the safety of its passengers;

b.      Failing to take reasonable precautions to prevent further injury to the

passenger after she had already been injured; and

c.      Subjecting the Plaintiff to humiliation and injury by repeatedly moving

and dropping Plaintiff in the aircraft cabin while she was unconscious.

24. As a direct and proximate result of the negligent and careless acts of Defendant, Mary

Erwin-Simpson sustained physical injury, was subject to humiliation and embarrassment,

suffered an exacerbation of emotional injuries, pain and suffering, and economic losses.


## COUNT II
## LOSS OF CONSORTIUM

25. Plaintiffs incorporate by reference all prior allegations above as if fully set forth herein.

26. At the time of the accident, Plaintiffs Mary Erwin-Simpson and Kevin Simpson were

lawfully married spouses and have remained so since the accident.

27. As a direct and proximate cause of the injuries sustained by Plaintiff Mary Erwin-

Simpson, the Plaintiffs' normal marital relationship has been disrupted, and Plaintiff

Kevin Simpson has been deprived the loss of services and companionship of his wife,

Plaintiff Mary Erwin-Simpson. Plaintiff Kevin Simpson has suffered the loss of

consortium of his wife, Mary Erwin-Simpson, for which he is entitled relief.

///

///

///

///

WHEREFORE, Plaintiffs Mary Erwin-Simpson and Kevin Simpson demand judgment against

Defendant Air Asia for compensatory damages, cost, and other such relief as this Court deems

appropriate.


Respectfully submitted,


_____/s/ Douglas P. Desjardins_____
Douglas P. Desjardins
DC Bar No. 448370
PANGIA LAW GROUP
1717 N Street NW
Washington, D.C. 20036
P: (202) 638-5300
F: (202) 393-1725
dpd@pangialaw.com